CHARLES J. CHALMERS, PLAINTIFF, v. LUCIAN D. ANTHONY, DEFENDANT.

Decided October 2, 1930.

Before GUMMERE, CHIEF JUSTICE, and Justice CAMPBELL.

For the rule, *Quinn, Parsons & Doremus.*

*Contra, Ward Kremer.*

PER CURIAM.

This suit was brought to recover compensation for personal injuries. According to the testimony of the plaintiff, while he was crossing Railroad avenue, in the city of Asbury Park, he was run down and injured by an automobile which belonged to the defendant and which was being driven by the latter. The trial resulted in a verdict in his favor, and the defendant thereupon applied for and was allowed the present rule.

The grounds upon which we are asked to make the rule absolute are as follows: First, that there was no evidence to prove that the car of the defendant was involved in the accident; second, that there was no proof that the defendant was driving the car which ran down the plaintiff; and, third, that the court erroneously admitted certain testimony on the part of a witness called by the plaintiff, named Horner.

As to the first two contentions, we think that each is without merit. The plaintiff identified the defendant as the driver of the car while he was giving his testimony on the witness

stand. The jury evidently believed that he told the truth in his identification and disbelieved the denial of the defendant and his witnesses. We cannot say that in doing so the jury manifestly disregarded the weight of the evidence. There was also evidence of the license number on the car and of the fact that the license designated by that number had been issued by the motor vehicle department to the defendant. Assuming that the testimony on this point was legal, it furnishes an additional reason for refusing to set aside the verdict.

The third ground for making the rule absolute involves the legality of the testimony of Horner with relation to the ownership of the license plate. A witness named Morgan was present at the accident and made a memorandum of the license number of the car. A police officer of Asbury Park, arriving at the scene of the accident within a few minutes after its happening, investigated the situation by asking questions of parties who were present at the accident, and in a conversation with Morgan the latter gave the officer the license number, and that license number, as has already been stated, indicated the license which had been issued to the defendant. The contention is that the statement made by Morgan to the officer was mere hearsay and should not have been admitted. On this point the case of *Rathbun* v. *Brancatella*, 93 *N. J. L.* 222, is dispositive, the Court of Errors and Appeals there holding that such testimony was not objectionable as hearsay and was properly admitted.

For the reasons indicated, the rule to show cause will be discharged.